■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 24, 1976, convicting him of attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT

WILLIAMS, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 3, 1977, convicting him of possession of gambling records in the first degree, criminal possession of a weapon in the fourth degree and violation of the Administrative Code of the City of New York (§ 436-6.9, unregistered firearm), upon a jury verdict, and imposing sentence. On the court's own motion, defendant's brief is deemed an application pursuant to CPL 450.15 and 460.15 for leave to appeal to this court from an order of the Supreme Court, Kings County, dated November 29, 1977. Motion referred to Hon. Joseph A. Suozzi, an Associate Justice of this court. Hopkins, J. P., Damiani, Titone and Cohalan, JJ., concur. Motion for leave to appeal to this court is granted by Mr. Justice Suozzi. Order modified, on the law, by adding thereto immediately after the provision denying the motion, the following: "except as to the conviction of possession of gambling records in the first degree, which conviction is reversed, the sentence imposed thereon is vacated and as to said count a new trial is ordered". Judgment modified, accordingly. As so modified, judgment affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings with respect to defendant's convictions for the crimes of criminal possession of a weapon in the fourth degree and violation of the Administrative Code of the City of New York pursuant to CPL 460.50 (subd 5). In our view, the defendant was denied his right to due process by virtue of the People's suppression of evidence favorable to him regarding the gambling charge against him. This was in violation of the mandate of the United States Supreme Court in *Brady v Maryland* (373 US 83). The facts, very briefly, are as follows: Defendant Herbert Williams, Jr., his common-law wife and their two children lived in the upstairs apartment of a Brooklyn house. On August 21, 1975, at about 8:00 P.M., defendant's common-law wife went to the neighborhood precinct to inquire about her children who were missing. She returned to the house with a police officer and a detective and, after opening the door with a key, she and the police entered the building. The officers observed a small room on the ground floor, whose door was ajar. They entered the room and found a chair, desk, telephone, calculating machine, ledger books and slips of paper which were identified as policy slips. Defendant's common-law wife then went with the police to the upstairs apartment and voluntarily let them in. During the course of a search of the upstairs apartment, the police found two rifles and a pistol in a closet. Defendant's common-law wife testified that at least one of the guns was "worked on" by defendant and was never in anyone else's possession. All the guns were operable and defendant did not have a permit or certificate for any of them. The case against defendant, regarding the gambling records, was based on the testimony of defendant's common-law wife and a detective who, on August 21, 1975, while assigned to the New York City Police Department Morals Squad, responded to the building in question. The former testified that she recognized the ledger books, paper and calculator as belonging to defendant and recognized his handwriting in the ledgers. She also testified that in the evenings she observed defendant working on the books and papers and answering the telephone in the downstairs apartment. The detective testified that his investigation revealed that the telephone in the downstairs room was registered to Herbert Williams. The defendant took the stand in his own defense. He denied operating a policy game and stated that the weapons found in his apartment belonged to his father. The defendant had given them to him several months earlier. With respect to the downstairs apartment, defendant stated that he owned the house but rented the downstairs apartment to his father

and that the latter installed his own telephone. He testified that his wife must have seen him working on books for a cab service that he operated. Finally, defendant testified that the upper and lower apartments had different telephone numbers and that the number for the upstairs apartment was 346-0547. The People recalled the detective from the morals squad as a rebuttal witness in order to establish that the number on the downstairs telephone was also 346-0547 and that the telephone company records bore that out. The detective testified that while he was on the ground floor of the building on the night of the arrest he received a return telephone call from an associate who dialed 346-0547. After this testimony was completed, the prosecutor asked for a short delay so that he could produce records from the telephone company which would corroborate the detective's testimony. Over defendant's objection that the records were collateral, a recess was granted to the People. During this recess, the prosecutor ascertained from a representative of the telephone company that there were two separate telephones at the premises and that telephone number 342-5569 (which was different from defendant's upstairs telephone number) was located on the first floor. The records also indicated that defendant's admitted number, 346-0547, had two extensions of the main telephone, but their whereabouts were unknown. The upstairs telephone was registered to Herbert Williams and the ground floor telephone was registerd to William Herbert. After the requested recess was over, the prosecutor made a private determination that his inquiry of the telephone company was inconclusive as to the collateral fact presented by his rebuttal witness, and advised the court that he would not call any additional witnesses, but would proceed with summation. The trial court made no inquiries of the prosecutor as to what his investigation had revealed but instead proceeded with the trial. During summation, the prosecutor attempted to demonstrate defendant's control over the downstairs apartment by referring to the detective's testimony that the downstairs number was the same as the upstairs number, i.e., 346-0547. The jury convicted defendant of possession of gambling records in the first degree, criminal possession of a weapon in the fourth degree and violation of the Administrative Code (unregistered firearm). In *Brady v Maryland* (373 US 83, *supra),* the United States Supreme Court held that suppression by the prosecutor of evidence favorable to the accused and material to guilt or punishment constitutes a denial of due process requiring a new trial, regardless of the good faith or bad faith of the prosecutor's acts or omissions. The prosecutor in the instant case failed to disclose to the defendant or even the court at any time that the ground floor apartment had a different telephone number from that of the upstairs apartment occupied by defendant and that the downstairs telephone was registered in a name other than that of defendant. This evidence was obviously material to the issue of guilt since defendant's culpability for possession of gambling records found in the ground floor apartment was dependent on whether he had domain and control over the ground floor apartment and the gambling records found therein. In determining this question, the number of telephones in the building was a crucial fact. Indeed, in their deliberations, the jury asked the court "Were the two phones the same number as stated by Williams and Powell [the detective]?" Under these circumstances, it is our view that defendant is entitled to a new trial on the charge of possession of gambling records in the first degree. However, defendant has raised no argument on appeal concerning the convictions on the weapons charges and therefore they must be affirmed. Hopkins, J. P., Titone, Suozzi and Cohalan, JJ., concur.